**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H Rindlisbacher, *et al.*, | No. CV-18-01131-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Steinway & Sons Incorporated, | |
| Defendant. | |

At issue is Defendant Steinway & Sons Inc.'s ("Steinway") Motion to Stay Discovery and Postpone Scheduling Conference Pending Resolution of Steinway's Motion to Dismiss (Doc. 30), to which Plaintiffs filed a Response (Doc. 33). Defendant also filed a Motion for Expedited Consideration of its Motion to Stay (Doc. 32). The Court will deny both Motions.

In its Motion to Stay, Steinway requests a complete postponement of the pending deadlines in this matter, included those deadlines for exchanging initial responses under the Mandatory Initial Discovery Project ("MIDP") and those related to the Rule 16 Pretrial Scheduling Conference. (Doc. 30 at 2.) Pursuant to General Order 17-08, a party that files "a responsive pleading . . . *must* serve its initial discovery responses no later than 30 days after it files its responsive pleading." (Doc. 4 at 3 (emphasis added).) The MIDP provides for two exceptions to this provision: (1) "if the Court approves a written stipulation by the parties that no discovery will be conducted in the case"; and (2) "if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses."

(Doc. 4 at 3–4.) The Order, however, contains no further provisions allowing the postponement of the MIDP responses and further proceedings pending the resolution of a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).

The MIDP is, by its nature, an experiment. (*See* Doc. 4 at 1.) Thus, those cases cited by Steinway in support of its Motion are not applicable here because the MIDP was not in effect in those matters. The Court is aware that completion of the MIDP responses represents an expense to the parties and that if a motion to dismiss is later granted in whole or in part, it might obviate some of those expenses to one or more parties. The Court considered the costs of so requiring the MIDP responses prior to the resolution of motions to dismiss when it elected to enact the pilot program.[1] As a result, the Court will not delay the requirements of the MIDP. The vacancies on this Court, which have persisted for over two years as of the date of this Order, have resulted in the remaining active judges experiencing a rapidly growing caseload, which in turn has yielded greatly increased pending motion inventories and a commensurately growing backlog queue. It is impossible to predict when the Court will be able to reach the outstanding briefed motions in this matter and many similarly situated matters.

IT IS THEREFORE ORDERED denying Defendant's Motion to Stay Discovery and Postpone Scheduling Conference Pending Resolution of Motion to Dismiss (Doc. 30).

IT IS FURTHER ORDERED denying as moot Defendant's Motion for Expedited Consideration of its Motion to Stay (Doc. 32).

Dated this 27th day of June, 2018.

Honorable John J. Tuchi
United States District Judge

---

[1] The MIDP reflects this consideration, as it expressly exempts only a party that files a motion to dismiss "based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity of a public official" from filing its "answer, counterclaims, crossclaims, and replies"—and thus, from completing any discovery—until the Court resolves motion to dismiss. (Doc. 4 at 3.)

- 2 -