**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H Rindlisbacher, *et al.*, | No. CV-18-01131-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Steinway & Sons Incorporated, | |
| Defendant. | |

At issue is Plaintiffs' Motion for Reconsideration (Doc. 75, Mot.). Also at issue is Defendant's Motion for Leave to File Counterclaims (Doc. 81), to which Plaintiffs filed a Response (Doc. 89) and Defendant filed a Reply (Doc. 91, Reply). The Court will also address Defendant's Motion to Expedite Consideration (Doc. 94), to which Plaintiffs filed a Response (Doc. 95) and Defendant filed a Reply (Doc. 98). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.    Motion for Reconsideration**

The Court will grant Plaintiffs' Motion for Reconsideration (Mot.) as to their claim for fraudulent omissions. While the Court initially granted Defendant's Motion to Dismiss (Doc. 26) on this count, finding that a claim for fraudulent omissions—otherwise known as nondisclosure—is duplicative of Plaintiffs' claim for constructive fraud, the Court will now allow both claims to proceed.

As the Court expressed in its Order on Defendant's Motion to Dismiss (Doc. 74, Order), Plaintiffs' Second Amended Complaint did not present their claims in an easily

discernable manner. Plaintiffs presented their alleged facts quite clearly, but then largely failed to articulate clear causes of action, instead leaving it to the Court to interpret which torts Plaintiffs intended to allege. Upon reading the briefs related to Defendant's Motion to Dismiss, the Court concluded—and remains convinced now—that Plaintiffs failed to articulate any actionable affirmative representations made by Defendant. Rather, the Court recognized Plaintiffs' claims premised on alleged omissions. Also finding that Plaintiffs plausibly alleged the existence of a confidential or fiduciary relationship with Defendant, the Court allowed Plaintiffs' claim for constructive fraud to proceed. (Order at 9–10.) However, the Court interpreted Plaintiffs' Count II for "Fraudulent Representations and Omissions" as a claim for nondisclosure, as articulated by § 551 of the Restatement (Second) of Torts. (Order at 9–10.) Finding that such a claim would be duplicative of constructive fraud, the Court dismissed Count II for nondisclosure.[1] (Order at 10.)

In filing their Motion for Reconsideration, Plaintiffs argue that the Court erred in dismissing Count II because it may be used as an alternative theory of liability if a jury finds that Plaintiffs and Defendant did not share a confidential relationship and thus Plaintiffs may not seek relief under constructive fraud. (Mot. at 1.) The Court agrees that § 551 of the Restatement provides ways other than a confidential relationship to create the duty to disclose which Plaintiffs allege Defendant violated in this case. Specifically, Plaintiffs argue that their Count II should survive because Defendant had a duty to disclose certain material facts under subsections (b) and (e) of § 551(2).

The Court does not find plausible Plaintiffs' application of subsection (e), which creates a duty for a "party to a business transaction" to "exercise reasonable care to disclose . . . (e) facts basic to the transaction." Restatement (Second of Torts) § 551(2)(e) (Am. Law Inst. 1977). Upon a reading of the relevant subsection and comments to the Restatement, the Court finds that this subsection does not apply to the alleged omissions at hand because they do not plausibly give rise to a scenario where "the advantage taken of the plaintiff's

---

[1] Plaintiffs labeled their Count I as "Nondisclosure/Constructive Fraud." This was confusing. The label "nondisclosure" more appropriately describes the fraudulent omissions outlined in Count II and reflected in § 551 of the Restatement.

ignorance is so shocking to the ethical sense of the community, and is so extreme and unfair, as to amount to a form of swindling, in which the plaintiff is led by appearances into a bargain that is a trap, of whose essence and substance he is unaware." *Id.* Plaintiffs allege no facts that plausibly paint Defendant's alleged omissions as "facts basic to the transaction."[2]

Subsection (b) creates a duty for a "party to a business transaction" to disclose "matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading." Restatement (Second) of Torts § 551(2)(b) (Am. Law Inst. 1977). While Plaintiffs make their argument on this point clear in the Motion for Reconsideration, the Court must squint to see this theory of fraud liability anywhere in Plaintiffs' Complaint or other filings. Plaintiffs allege that Defendant made several omissions (SAC ¶ 95) but never articulate how those omissions rendered other statements misleading. Even in Plaintiffs' Response to Defendant's Motion to Dismiss, this theory is reflected in only one sentence that states merely that "[o]ne who fails to disclose material facts necessary to make his representations not misleading is guilty of fraud." (Doc. 34 at 9.) That sentence is within a section pertaining to Defendant's affirmative representations, which the Court already concluded do not constitute actionable representations for the purposes of Count II. (Doc. 34 at 8–9.)

Even given an apparent lack of foresight by Plaintiffs, the Court concludes that their argument is ultimately correct. Plaintiffs plausibly allege that Defendant's omissions rendered its other statements misleading or ambiguous. And this theory may be important to Plaintiffs' case in the event that a jury finds they did not share a confidential relationship with Defendant, thus disposing of their claim for constructive fraud. Under this line of reasoning, Plaintiffs' claim for fraudulent omissions (nondisclosure) should have survived Defendant's Motion to Dismiss. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

---

[2] Further, the Court notes that a defendant is not liable for nondisclosure of "basic facts" when "the facts are patent, or when the plaintiff has equal opportunity for obtaining information that he may be expected to utilize if he cares to do so," and where the defendant "may reasonably expect the plaintiff to make his own investigation, draw his own conclusions and protect himself." Restatement (Second) of Torts § 551 cmt. k (Am. Law Inst. 1977).

2009) (finding that when analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party).

## II. Motion for Leave to File Counterclaims

On June 6, 2019, Defendant filed a Motion for Leave to File Counterclaims (Doc. 81, Mot. for Counterclaims). Defendant seeks permission under Fed. R. Civ. P. 15(a)(2) to amend its Answer to include five permissive counterclaims for trademark infringement, federal unfair competition, common law unfair competition, federal cybersquatting, and breach of contract. (Doc. 81-1 at 6–8.) But Defendant's Motion comes long after the deadline for amended pleadings, set for September 14, 2018. (Doc. 44 at 2.) While the Court granted Defendant's Motion to Stay Discovery (Doc. 62) and thereafter entered a revised Scheduling Order (Doc. 73), that Scheduling Order did not set a new deadline for amended pleadings. Instead, the revised Scheduling Order, which was adopted from the parties' proposed Order, listed the deadline as "n/a." (Doc. 73 at 2.) Thus, the September 14, 2018 deadline was unchanged and neither party contemplated amending their pleadings any further.

While a party may still amend a pleading after the deadline set in a Scheduling Order, Fed. R. Civ. P. 16 dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Thus, once a deadline for amended pleadings has passed, the Court may consider whether amendment would be proper under Rule 15 only after a party has shown good cause under Rule 16. Under the Rule 16 "good cause" standard, "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Defendant argues that it was diligent in seeking to add counterclaims and that it

could not have done so any earlier than when it filed its Motion on June 24, 2019. (Reply at 8.) Defendant alleges it was mere days before that when its current Phoenix dealership owner alerted Defendant that Plaintiffs were still operating the website which Defendant alleges constitutes trademark infringement. (Reply at 10.) But the Court finds that Defendant fails to show that its "noncompliance with a Rule 16 deadline occurred . . . because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Morgal v. Maricopa Cty. Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (quoting *Grant v. United States*, 11-CV-00360-LKK-KJN, 2011 WL 5554878 at \*4 (E.D. Cal. Nov. 15, 2011). Similarly, Defendant does not carry its burden to show that it "was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order." *Id.*

Plaintiffs have owned and operated the domain name at issue since at least 2017. And while Defendant may be correct that ownership of a domain name, without use of it, does not give rise to trademark infringement liability, Defendant does not argue that Plaintiff was not using its website for the last two years. Rather, Defendant argues that "[w]hile [Defendant] was previously aware of Plaintiff's prior registration of www.steinwayarizona.com, it was unaware that Plaintiffs continued to use the domain name in 2018 and 2019." (Reply at 8.) It is not enough that Defendant was ignorant of the continued use of the domain name. In order to show it was diligent, Defendant must have shown it believed Plaintiffs had ceased use of the website and had only recently resumed using it, thereby escaping even the most diligent observation. Arguing that it always knew Plaintiffs owned the domain name and simply failed to check the publicly available website for two years does not constitute diligence.

Further, to the extent that the Court may consider prejudice to Plaintiffs, *see Johnson*, 975 F.2d at 609, it takes seriously the risk of prejudice here. Defendant's counterclaims, brought nearly ten months after the revised Rule 16 Scheduling Order that parties agreed upon, would force Plaintiffs to undertake an even longer discovery schedule than the current version, which was previously stayed at Defendant's request. (Doc. 62.)

And even if Defendant chooses to pursue its trademark and breach of contract actions in a separate action, "this is an insufficient reason for finding good cause under Rule 16(b) absent a showing of diligence." *Bohn v. Pharmavite, LLC*, 11-CV-10430-GHK, 2013 WL 12246336 at *3 (C.D. Cal. Oct. 8, 2013) (denying a motion to file an amended complaint even where "the practical reality is that [the plaintiff] will likely file a new action should we deny this Motion, possibly resulting in duplicative litigation"). After all, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal citation omitted). Based on Defendant's lack of diligence and other contributing factors, the Court will deny Defendant's Motion for Leave to File Counterclaims. If Defendant wishes to pursue its claims for trademark infringement and breach of contract, it must do so in a separate action.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Motion for Reconsideration (Doc. 75). The Court vacates the portion of its May 1, 2019 Order on Defendant's Motion to Dismiss (Doc. 74) pertaining to Plaintiffs' Count II for fraudulent representations and omissions. Count II, premised on Defendant's alleged nondisclosure, may proceed along with Plaintiffs' other surviving claims.

**IT IS FURTHER ORDERED** denying Defendant's Motion for Leave to File Counterclaims (Doc. 81).

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion to Expedite Consideration of Motion for Leave to File Counterclaims (Doc. 94).

Dated this 17th day of July, 2019.

Honorable John J. Tuchi
United States District Judge