WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H Rindlisbacher, et al., | No. CV-18-01131-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Steinway Incorporated, | |
| Defendant. | |

Pending before the Court is the Joint Motion to File Under Seal (Doc. 179) and the Supplement to the Joint Motion to File Under Seal (Doc. 186), which was filed pursuant to this Court's February 20, 2020 Order (Doc. 182). The parties move to file under seal Plaintiffs' lodged Motion for Partial Summary Judgment on Constructive Fraud (Doc. 180) and the Separate Statement of Facts (Doc. 181). Plaintiffs have filed redacted versions of the same, (Docs. 183, 184, 185). For the following reasons, the Joint Motion to File Under Seal (Doc. 179) and the Supplement to the Joint Motion to File Under Seal (Doc. 186) are **denied**.

**I.    Background**

The parties in this case have stipulated to a Protective Order (Doc. 40) regarding materials that were exchanged throughout the course of litigation and contained trade secrets, or other confidential research, development, or commercial information. The parties now jointly request that this Court seal information in Plaintiffs' Partial Motion for Summary Judgment on Constructive Fraud and Separate Statement of Facts that contains

"confidential financial information" related either to: (1) Defendant's records of its Steinway Grand sales in Maricopa County prior to December 1, 2010; (2) Defendant's records of its Steinway Grand sales in 2009 and 2010 at its West Hollywood location; or (3) Plaintiffs' income statements from their Spokane Steinway Dealer operation from 2007 to 2010. (Doc. 186 at 3-4.)

## II.     Legal Standard

Because there is a strong presumption in favor of public access to court documents, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). This means the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal citation omitted). Before sealing certain judicial records, the court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id*. (internal citation omitted). After considering these interests, if the Court decides to seal certain records, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (internal citation omitted).

## III.    Analysis

The Joint Motion correctly identifies numerous instances where courts have sealed documents that contained trade secrets or sources of business information that might harm a party's competitive standing. (Doc. 186 at 2-3.) But the parties have not stated with particularity why any of the redacted sales figures contain trade secrets. *cf. Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1224-25 (Fed. Cir. 2013) (finding compelling reasons existed to seal confidential financial information where it concerned "costs, sales, profits, and profit margins" that constituted trade secrets, where parties presented declarations articulating the harm they would suffer if competitors gained access to the information, and where parties had already mutually agreed not to present the

detailed financial information at trial). Moreover, the parties have made no effort to explain why this information contains any proprietary market or competitive value, given that it is 10 to 13 years old. The redacted information represents sales conducted in a substantially different market environment from today. Because the parties have not shown compelling reasons to overcome the strong presumption in favor of public access, the Joint Motion to Seal and Supplement are denied.

**IV. Conclusion**

**IT IS ORDERED denying** the Joint Motion to Seal (Doc. 179) and the Supplement to Joint Motion to File Under Seal (Doc. 186).

**IT IS FURTHER ORDERED striking** Docs. 183, 184, 185, which contained the redactions.

**IT IS FURTHER ORDERED** pursuant to LRCiv 5.6(e) that the lodged documents at Docs. 180, 181 shall **not** be filed and the Court will not consider them.

**IT IS FURTHER ORDERED** pursuant to LRCiv 5.6(e) that Plaintiffs may, within five (5) days from the entry of this order, resubmit a Motion for Partial Summary Judgment on Constructive Fraud and Separate Statement of Facts Supporting Plaintiffs' Motion for Partial Summary Judgment on Constructive Fraud, for filing in the public record.

Dated this 11th day of March, 2020.

Michael T. Liburdi
United States District Judge