UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H. Rindlisbacher and Jami L. Rindlisbacher, husband and wife; and Piano Showroom of Arizona, Inc., an Arizona corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>Steinway, Inc., a Delaware corporation,<br><br>   Defendant. | No. 2:18-cv-01131-MTL<br><br>**ORDER** |

Having considered Defendant Steinway, Inc.'s *Daubert* motion, Plaintiffs' response, and Steinway's reply, and for good cause appearing, this Court finds that the opinions of Plaintiffs' damages expert, David Perry, do not satisfy the *Daubert* requirements. Specifically, based on the facts of this case, Mr. Perry's opinions are neither relevant nor reliable.

He ignored key variables which he acknowledged could affect the sales of pianos, such as the state of the economy, the level of competition, the skills of the salespeople, and whether Kevin Rindlisbacher ("Rindlisbacher") was a difficult boss. Mr. Perry also ignored Rindlisbacher's complaints about Steinway's price increases that Rindlisbacher claimed were affecting his sales. Rindlisbacher acknowledged, and Perry ignored, that the economy was creating a "perfect storm" keeping customers out of his store. Rindlisbacher

also admitted that his inability to meet sales goals was caused by his focus on the wrong potential customers.

Rather, Mr. Perry simply assumed that Plaintiffs would sell 234 pianos per year in Maricopa County for six and half years (1,521 total pianos) because Rindlisbacher had been able to sell 34 pianos per year in a much smaller market, Spokane, during a different time period.  Instead, Plaintiffs actually sold 443 pianos.  The lost profits calculation is based on over 1,000 pianos Plaintiffs never purchased from Steinway nor sold to a customer.  Perry attributed all of Plaintiffs' alleged damages to Steinway despite several significant factors and variables that he ignored.

Plaintiffs' post-termination damages, which allegedly occurred in 2017-2018, are too remote to the alleged omission that occurred in 2010.  Perry's opinions about the damages are not tied to the facts.  Nothing prevented Plaintiffs from selling pianos by other manufacturers after termination of the Steinway dealer agreement.  The fact that Plaintiffs had entered into a seven-year lease in 2014 does not make Steinway liable for net losses allegedly experienced by Plaintiffs after termination and before they became a dealer for Yamaha pianos.

Perry does not have any expertise on state of mind nor would it be appropriate for him to testify about Plaintiffs' "reasonable expectations."

Lastly, Perry's opinions ignore Rindlisbacher's testimony that he did not know what he would have done had he knew about the prior dealer's sales performance in 2010. Mr. Perry's opinions are therefore speculative and attempt to turn Steinway into a guarantor of sales.  Because the expert's opinions are not causally related to the alleged harm, they are not admissible.

IT IS THEREFORE ORDERED that David Perry is not permitted to testify as his opinions and testimony do not satisfy the requirements of *Daubert*.

111031776.1