**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H Rindlisbacher, et al., | No. CV-18-01131-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Steinway Incorporated, | |
| Defendant. | |

The Court has reviewed the parties' briefing on Defendant's motion for summary judgment on liability (Docs. 205, 217, and 227). In the motion, Defendant seeks summary judgment on multiple theories, one of which is statute of limitations. In support of this argument, Defendant argues that Plaintiffs discovered all factual predicates to their claims long enough ago that by the time the Complaint in this case was filed, the statute of limitations had expired. Specifically, Defendant identifies two theories of misrepresentation/fraud[1] that Defendant argues are the totality of the factual predicates for Plaintiffs' claims. (Doc. 205 at 6-9). Defendant refers to these factual predicates as

---

[1] The Court is aware that the parties dispute whether Plaintiffs' claims are claims for fraud verses negligent misrepresentation. (*See* Doc. 205 at 6). This Order does not decide that issue. The parties also dispute whether this issue was already decided by the Order on the motion to dismiss. (*Compare* Doc. 74 (ruling on motion to dismiss); Doc. 101 (granting reconsideration); Doc. 107 (withdrawing order granting reconsideration); Doc. 113 (again granting reconsideration of Doc. 74) *with* Doc. 227 at 3 (discussing whether this issue is resolved by the law of the case doctrine)). This Order also does not decide that issue. Further complicating matters is the fact that the Order on the motion to dismiss discussed the Second Amended Complaint and the Third Amended Complaint (Doc. 74 n.1), whereas the currently pending motions for summary judgment address the Fourth Amended Complaint.

"historical sales" and "challenges with ASU." (*Id*.) Plaintiffs respond to the motion for summary judgment and identify 14 separate factual predicates (by way of affirmative statements or omissions) that form the basis for their claims.[2] (Doc. 217). None of these statements or omissions involve the "challenges with ASU" because Plaintiffs concede that any statements or omissions about this issue are barred by the statute of limitations. (*Id.* at 15 n7.) Thus, the motion and response only overlap as to one alleged representation/omission. Presumably as a result of the parties' significant disagreement regarding the factual predicates that underlie Plaintiffs' claims in this case, in the Reply, Defendant raises several arguments that go beyond a statute of limitations analysis.

First, Defendant states, "In a belated effort to avoid dismissal, Plaintiffs create entirely new allegations about alleged omissions that were not pled in any of their five complaints…. The new allegations are now **untimely**." (Doc. 227 at 5) (emphasis added). Defendant cites nothing for this legal argument. Thus, by "untimely," the Court is unclear if Defendant is arguing that these allegedly new factual predicates are untimely under the statute of limitations, untimely based on the disclosure timelines in this case (Doc. 4),[3] or some other legal theory of untimeliness.

Second, Defendant states, "Steinway did not discuss these alleged omissions in its Motion because they have never been alleged in any of Plaintiffs' five complaints." (Doc. 227 at 6) (emphasis omitted). Again, Defendant cites nothing for this legal argument. The Court assumes this is an argument as to the sufficiency of the pleadings; and more particularly whether every factual predicate of a claim must be pleaded as a separate count or claim, when the legal theory under which the factual predicate lies was sufficiently pleaded to survive a motion to dismiss.[4]

---

[2] By numbering, there are 15, but Plaintiffs skipped the number 5.
[3] *See generally IceMos v. Omron*, CV 17-2575-PHX-JAT, Doc. 485 at 4-11 (D. Ariz. May 18, 2020) (discussing the MIDP disclosure obligations).
[4] *See generally Coleman v. Quaker Oats*, 232 F. 3d 1271, 1292 (9th 2000) (discussing new legal theories raised for the first time at summary judgment). *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (discussing new factual contentions raised for the first time at summary judgment); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2014 WL 1330754, at *5 (E.D. Cal. Mar. 28, 2014) (discussing both); *Pesci v. McDonald,* No. 5:15-CV-00607-SVW-E, 2015 WL 12672094, at *11 (C.D. Cal. Oct. 22, 2015) (considering at summary judgment factual predicates not raised in the

Third, Defendant states, "Plaintiffs…assert [as] alleged [misrepresentations or omissions] [communications that were] internal to Sherman Clay…which [Plaintiffs] insinuate are attributable to Steinway." (Doc. 217 at 4). They are not. Sherman Clay was a Steinway dealer; Steinway was not privy to internal Sherman Clay discussions or considerations about exiting the Maricopa County market." (Doc. 227 at 5-6 n.6). Defendant offers no cite to any factual support regarding its access to or knowledge of Sherman Clay's internal communications.  Further, Defendant did not cite any legal authority for what appears to be an argument premised on agency (or lack thereof) law.

Fourth, presumably because of the foregoing three arguments, Defendant does not undertake a statute of limitations analysis for each of Plaintiffs' 13 allegedly new factual predicates for their claims.  Defendant, as noted below, repeatedly argues that failure to address a claim or theory results in waiver.  Thus, presumably, Defendant is waiving its statute of limitations argument as to all but the "historical sales" if the Court does not preclude these factual predicates.

Fifth, Defendant argues Plaintiffs waived certain claims by use of "incorporation by reference."  Specifically, Defendant argues:

> Plaintiffs do not even address Steinway's arguments related to the lack of a confidential relationship between the parties, except through improper "incorporation by reference." They have an obligation to address all of Steinway's arguments directly in their Response; in failing to do so, they have waived any argument….*See* LRCiv. 56.1; *D'Agnese v. Novartis Pharm. Corp.*, 952 F. Supp. 2d 880, 885 (D. Ariz. 2013) (disregarding cross-references, noting "this attempt to incorporate various documents by reference that include arguments related and unrelated to the current issues before the Court circumvents this Court's local rules governing page limits."). Plaintiffs waive any arguments by failing to raise them in the Response.

(Doc. 227 at 2, 9).

Defendant's primary support for this argument is *D'Agnese*. *D'Agnese* was transferred to the District of Arizona for trial out of a Multi-District Litigation ("MDL") proceeding.  In *D'Agnese*, the trial Judge repeatedly chastised Plaintiffs' counsel for attempting to "incorporate by reference" documents that were both not in the trial court's

---

complaint, but disclosed during discovery).

record (because such documents were only in the MDL record) and related to other MDL plaintiffs who were not the Plaintiffs in *D'Agnese*. Specifically, the court held, "Accordingly, the Court has not considered any of the oppositions that Plaintiffs attempted to 'incorporate by reference' that were filed in the MDL…. [In other words,] the Court has not considered any responses, statements of fact, or evidence that is not in **its Record**." *D'Agnese v. Novartis Pharm. Corp.*, 952 F. Supp. 2d 880, 885-86 (D. Ariz. 2013) (emphasis added). Thus, while the *D'Agnese* court noted that incorporating oppositions to motions and statements of fact that were filed in other cases also ran afoul of the Local Rules on page limits, the court only refused to consider arguments and exhibits that were not in the record before the court and instead "incorporated by reference" for the Court to go find itself. *Id.* and n. 3 ("According to Plaintiffs' own representations, they have attempted to incorporate by reference, *without limitation* [regarding to which MDL plaintiff the documents relate], 2085 pages that are not in this Court's Record.").

Thus, the holding of *D'Agnese* offers no support for Defendant's argument in this case that Plaintiffs' attempt to incorporate by reference a cross-motion for summary judgment pending in *this* case on the *exact same topic* constitutes waiver. To the extent Defendant continues to press that Plaintiff's incorporation by reference effectively amounts to an unauthorized expansion of the page limits, Defendant will be permitted to file a supplement brief as a result of this Order, so it too will receive additional pages. Moreover, to the extent Defendant wishes to further argue that Plaintiffs have received an unauthorized expansion of the page limits, Defendant shall cite authority supporting the contention that the remedy for violating the page limits is waiver of arguments.

Sixth, Defendant argues without citation that Plaintiffs waived certain claims by not addressing them in response to Defendant's motion. "Plaintiffs' alternative claim is for nondisclosure under Restatement Section 551(2)(b)….Plaintiffs make no arguments relating to this claim – not even by improperly attempting to incorporate arguments from other motions by reference – and have therefore waived it." (Doc. 227 at 10). If Defendant seeks to have this Court grant summary judgment as a sanction for Plaintiffs' failure to

respond, it must cite appropriate authority.[5]

Based on all of the foregoing, the Court will allow each party to file a supplement brief to more fully develop and/or respond to these arguments. Each party is cautioned that the Court is not their research assistant. Counsel is responsible for citing the law or facts to support each argument. Accordingly,

**IT IS ORDERED** that Plaintiffs and Defendant may each file a supplemental brief on the topics raised in the Reply (Doc. 227) and discussed herein, not to exceed 12 pages.[6] Defendant's brief is due by August 7, 2020. Plaintiffs' brief is due by August 14, 2020. The parties should not expect any extensions of these deadlines.

Dated this 31st day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[5] *Compare Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding certain claims abandoned by not including them in response to summary judgment) *with Heinemann v. Satterberg,* 731 F.3d 914, 917 (9th Cir. 2013) (prohibiting the granting of summary judgment as a sanction for not responding) *and Brydges v. Lewis,* 18 F.3d 651 (9th Cir. 1994) (affirming the district court's grant of summary judgment for failure to respond after the district court warned plaintiff of this potential consequence).
[6] The parties may not file supplemental statements of facts or any additional exhibits.