**MORRILL LAW. P.L.C.**
Attorneys at Law
8857 N. 63rd Place
Paradise Valley, Arizona 85253
Telephone (602) 432-6291
Fax (480) 584-3157
K. Layne Morrill #004591
klaynemorrill@gmail.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kevin H. Rindlisbacher *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Steinway, Inc., <br><br> Defendant. | Case No: 2:18-cv-01131-MTL <br><br> **MOTION FOR RECONSIDERATION OF ORDER ON ATTORNEY'S FEES (DOC. 288)** |

Pursuant to LRCiv 7.2(g) Plaintiffs hereby move for reconsideration of the Court's Order Granting in Part and Denying in Part (Doc. 288) (the "Ruling") Steinway's Motion for Attorney's Fees (Doc. 255) (the "Fees Motion"). Rule 7.2(g) provides such a motion "shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court…." Plaintiffs respectfully submit the Court misapprehended the reach of A.R.S. § 12-341.01 as applied by the Arizona Supreme Court. Correcting that oversight requires that the Fees Motion be denied.

### I. Introduction.

This is "an action arising out of" the Phoenix Dealer Agreement dated December 1, 2010 (the "Agreement"). Article XX provides: "This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of laws principles." [Doc. 198-17, Art. XX.]. Under New York law, the effect of

the Agreement's choice-of-law provision is to "incorporate by reference" all the statutes and common law of New York, including its law of fee shifting. *Katz v.Berisford Int'l, PLC*, 2000 WL 959721 *8 (S.D.N.Y 2000) citing *Freedman v. Chemical Const. Corp.*, 372 N.E.2d 12, 15 n.* (N.Y.Ct.App. 1977) (Breitel, C. J.).

The parties and the Court agree that: (a) New York law permits fee shifting only where: (i) a New York statute so provides or (ii) a contract expressly permits fee shifting; (b) no New York statute authorizes fee shifting in "an action arising out of a contract;" and (c) the Agreement has no provision that operates to shift Steinway's fees in this case.

The Court ruled, however, that the Agreement, which chooses New York law causing it to incorporate the American Rule precluding fee shifting, is nevertheless "a contract" within the meaning of an Arizona statute allowing an Arizona court to shift fees in an Arizona "action arising out of a contract, express or implied." A.R.S. § 12-341.01(A) (the "Statute").  But not to shift fees on Rindlisbacher's claim for breach of the Agreement.  Doc. 288, at 22:4-16.  Only to shift fees on Rindlisbacher's fraud claims "arising out of" the Agreement. *Id*., at 10:15-24.

The Ruling acknowledges Rindlisbacher's argument that "a 'prerequisite' for § 12-341.01's application is a contract governed by Arizona law." Doc. 288, at 8:11-12. The Court disagreed because "there is no support for the argument in the text of the statute"; and the argument "is at odds with Arizona case law." *Id.*, at 8:13 to 9:1.

Those conclusions are contrary to the language of the Statute as authoritatively applied by the Arizona Supreme Court.  They are contrary to the context of the Statute and to its effect or consequence. They create an absurd result. And they go beyond the constitutional power of a federal court sitting in diversity.

**II. The Agreement is not a "Contract" Referenced in the Statute.**

In *American Power Products, Inc. v. CSK Auto, Inc*, 396 P.3d 600, 604, ¶ 15 (Ariz. 2017) the Arizona Supreme Court held that a "contract" within the meaning of the Statute is one that is governed by Arizona law so the Statute "is 'incorporated by operation of law' into the" contract; and that the last sentence of the Statute excludes its

1    operation if it "directly conflicts" with the contract into which it is incorporated.

2    The contract in *American Power* included both a choice-of-Arizona-law provision
3    and a provision allowing attorney's fees to the "prevailing-party" (without defining the
4    term). The plaintiff's claims were for breach of contract and negligent misrepresentation.
5    The question was whether the Statute applied despite the contract's attorney's fees
6    provision.

7    The history leading up to *American Power* is significant. Prior to 2017 decisions
8    of the Arizona Court of Appeals on the reach of the Statute were in conflict. Some cases
9    held a contractual attorney fees provision ousts the Statute. *American Power*, 396 P.3d,
10   at 603-04, ¶ 13. Others held such a provision does not exclude the Statute; it continues to
11   apply to the extent not inconsistent with the contract. *Id*., at 604, ¶ 14. The Supreme
12   Court sided with the non-ouster cases.

13   The Supreme Court first observed that "'the parties expressly incorporated
14   Arizona law into their contract' and 'clearly intended to apply Arizona law to the entire'"
15   contract. 396 P.3d, at 603, ¶ 10. The Court held its rejection of the ouster view "comports
16   with the general rule in Arizona that contracts are read to incorporate applicable statutes."
17   396 P.3d, at 604, ¶ 15. The Court cited *Banner Health v. Med. Sav. Ins. Co.,* 163 P.3d
18   1096, 1100, ¶ 15 (Ariz.Ct.App. 2007) which held "It has long been the rule in Arizona
19   that a valid statute is automatically part of any contract affected by it, even if the statute is
20   not specifically mentioned in the contract." *American Power*, 396 P.3d, at 604, ¶ 15.

21   *American Power* reflects that the Statute applies only to contracts that are
22   governed by Arizona law. Choice-of-law provisions generally apply to substantive rather
23   than procedural law. *See Cardon v. Cotton Lane Holdings, Inc*., 841 P.2d 198, 206 (Ariz.
24   1992). By construing the Arizona choice-of-law provision as incorporating the Statute,
25   *American Power* held the Statute is part of Arizona's substantive law.

26   This is the premise for *American Power*'s conclusion that "Because the [contract]
27   here . . . expressly provided that Arizona law shall apply and govern," the Statute "is

28

'incorporated by operation of law' into the [contract]." 396 P.3d, at 604, ¶ 15.[1] In contrast, here the Agreement does not choose Arizona law and thereby incorporate the Statute. It chooses New York law which incorporates the American Rule that precludes fee shifting. Because the Agreement fails to choose Arizona law and thereby incorporate the Statute, the Statute cannot be applied to shift fees in this case. *Cf. Swanson v. Image Bank, Inc.*, 77 P.3d 439, 449, ¶ 15 (Ariz.2003) (parties' choice of Texas law to govern contract precluded award of treble damages under A.R.S. § 23-355).

The Court of Appeals has recognized that, after *American Power*, the touchstone to the Statute is a contract that chooses Arizona law and thereby incorporates the Statute. *Otto v. Otto*, 2019 WL 613215 *7-8, ¶¶ 35-36 (Ariz.Ct.App. Feb. 14, 2019) (The contract provision "which states that Arizona law governs the parties' agreement, effectively incorporates § 12-341.01, at least to the extent it does not directly conflict with the [contract].").[2]

The Ruling states, "Therefore, the Court need not incorporate § 12-341.01 into the

---

[1] In 2017 the Supreme Court also applied the principle that contracts incorporate state laws in two other cases. *Sirrah Enterprises, LLC v. Wunderlich*, 399 P.3d 89, 93-94, ¶ 20 (Ariz. 2017) (The claim for implied warranty of habitability of a residence is not "an implied in law contract" to which section 12-341.01 does not apply; rather it is a term "imputed by law into an express contract."); *Dobson Bay Club II DD, LLC v. La Sonrisa de Siena, LLC*, 393 P.3d 449, 457, ¶ 41 (Ariz. 2017) ("Our cases proscribed penalty clauses long before origination of the loan here, and the [promissory] note incorporated this proscription"; "It is a familiar rule that the law in force at the time a contract is made enters into and forms a part of the contract."; "[A]ll contracts incorporate applicable statutes and common-law principles").

[2] A contract without a choice-of-law provision also incorporates the Statute if the parties have a relationship with Arizona such as would naturally lead them to expect Arizona law would govern. Restatement § 188 (state with the "most significant relationship" with the contract). In *Aries v. Palmer Johnson, Inc.*, 735 P.2d 1373, 1380-81 (Ariz.Ct.App. 1987) the jury returned verdicts for the plaintiff on breach-of-contract and fraud claims. The contract lacked a choice-of-law provision. But Arizona had the "most significant relationship" to the contract. Because Arizona law governed the contract the Statute is incorporated into the contract creating fee eligibility not only for the breach claim but also for the fraud claim.

Phoenix Agreement for the statute to apply in this case." Doc. 288, at 10:18-19. With all due respect, the Court lacks the power to incorporate the Statute into the Agreement. Only the parties, by causing their contract to be governed by Arizona law through express choice (Restatement § 187) or through implied choice (*Id*. § 188)) can incorporate the Statute into a contract. Steinway and Rindlisbacher intentionally chose that the Agreement ***not*** be governed by Arizona law. *Cf. Cardon*, 841 P.2d, at 203 ("If the parties to a contract expressly choose the law governing their contract, as the parties did in this case, their choice of law will be honored if the requirements of Restatement § 187 are met.").

The Ruling is contrary to *American Power*'s authoritative application of the Statute. Because the Agreement chooses New York law it is not governed by Arizona law and therefore does not incorporate the Statute. So fee shifting is not available in "an action arising out of" the Agreement – whether claims for breach or closely related tort claims.[3]

### III. The Ruling is Contrary to the Context and Effect of the Statute.

The context of a statute, and its effect or consequence, are critical reference points for evaluating a possible statutory interpretation. *Molera v. Hobbs*, 474 P.3d 667, 678, ¶ 34 (Ariz. 2020).

The Statute's context is important. The Arizona Legislature adopted the Statute. It relates to proceedings in Arizona courts. It allows an Arizona court discretion to award attorney's fees in an Arizona "action arising out of contract." Arizona law governs a vast majority of the actions filed in Arizona courts for breach of contract and closely related tort claims. The connection of the Statute's "contract" to Arizona is clear. *American Power* acknowledges that connection by requiring for fee eligibility that the contract be

---

[3] Plaintiffs made clear that *American Power* was the basis for their argument that only contracts governed by Arizona law which thereby incorporate the Statute are fee eligible under the Statute. Plaintiffs' Response to the Fees Motion, Doc. 269, at 5:21 to 6:14; 8:5-11; 5/14/21 Transcript, Doc. 287, at 31:20 to 32:2.

governed by Arizona law and thereby incorporate the Statute.

The effect or consequence of the Statute is to add attorney's fees as a "form of damages" and a "measure of recovery for breach of contract." *Aries v. Palmer Johnson, Inc.*, 735 P.2d 1373, 1381 (Ariz.Ct.App. 1987). It is therefore "substantive" in nature. *In re Larry's Apartment, LLC*, 249 F.3d 832, 837-38 (9th Cir. 2001). The Arizona Legislature enacts a substantive rule of breach-of-contract damages only for contracts governed by Arizona law. It does not materially alter the breach-of-contract damages measure for parties who reside out-of-state or who have agreed that another state's law governs the contract. The Statute should not be read to apply to such contracts. "[S]tatutory enactments of the Legislature are presumed to be confined to the state in the absence of express statements to the contrary." *Farnsworth v. Hubbard*, 277 P.2d 252, 258 (Ariz. 1954); *Desert Wide Cabling & Installation, Inc.*, 958 P.2d 457, 458, ¶ 5 (Ariz.Ct.App. 1998).

The Ruling is contrary to the Statute's context, and to its effect or consequence; and it improperly extends the Statute to contracts beyond its intended reach.

### IV. The Ruling Creates an Absurd Result.

Another tool for evaluating a possible statutory interpretation is whether it produces an absurd result. If so, the interpretation should be avoided. *Sherman v. City of Tempe*, 45 P.3d 336, 343, ¶ 18 (Ariz. 2002); *Arizona State Tax Commission v. Reiser*, 512 P.2d 16, 23 (Ariz. 1983). The Ruling creates an absurd result.

The Statute does not mention "tort" or "tort claim." So a garden variety fender-bender negligence claim is not fee eligible. The Statute's introductory phrase, "action arising out of a contract," creates the possibility that a small subset of tort claims is fee eligible. Tort claims in that subset must be closely connected to the contract as conveyed by the "arising out of" phrase. Fees can be awarded for insurance bad faith tort claims because they are "intrinsically related to the contract." *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1142 (Ariz. 1982); *ML Servicing Co., Inc. v. Coles*, 334 P.3d 745, 753, ¶ 30 (Ariz.Ct.App. 2014). And fees can be awarded on fraudulent inducement tort

6

claims because they "could not exist 'but for' the contract." *Caruthers v. Underhill*, 287 P.3d 807, 820, ¶ 57 (Ariz.Ct.App. 2012); *Ramsey Air Med, LLC v. Cutter Aviation, Inc.*, 6 P.3d 315, 320, ¶ 27 (Ariz.Ct.App. 2000). Tort claims are fee eligible only because tightly tethered to a contract governed by Arizona law which incorporates the Statute; not because Arizona law applies to the tort claims.[4]

For a contract that is governed by Arizona law and therefore incorporates the Statute, fee eligibility extends **_both_** to claims for breach **_and_** to closely related tort claims. But under the Ruling, claims for breach of the Agreement are **_not_** fee eligible, while closely related tort claims **_are_** fee eligible. That is an analytical absurdity. It spoils the symmetry. It cuts the cord the Supreme Court requires between fee-eligible contract and tort claims. *Sparks*, 647 P.2d, at 1142; *Caruthers*, 287 P.3d, at 820, ¶ 57.

### V.   The Ruling Exceeds the Power of a Federal Court in Diversity.

"In a diversity case, the published decisions of the [Arizona] Supreme Court bind federal courts as to the substance of [Arizona] law." *U.S. Bank, N.A. v. White Horse Estates Homeowners Assoc.*, 987 F.3d 858, 863 (9th Cir. 2021). *American Power* squarely limits the Statute to contracts that are governed by Arizona law and therefore incorporate it; and the Agreement clearly chooses non-Arizona law. *Sparks* and *Caruthers* squarely address the close nexus required for fee eligibility between a contract that incorporates the Statute and related tort claims. Allowing fees to be awarded on tort claims closely related to the Agreement, which does not incorporate the Statute by choosing Arizona law, is plainly contrary to the rationale of *American Power* and to the narrow nexus requirements of *Sparks* and *Caruthers*. Because the parties chose New

---

[4] That Arizona law applies to Rindlisbacher's fraud claims has no bearing on whether the Statute applies. Doc. 288, at 4:18 to 5:2. Nor does the fact that the Phoenix Agreement choice-of-law provision does not apply to tort claims. Doc. 288, at 5:3 to 6:17. Both lines of argument are irrelevant because Arizona has no statute providing that the successful party in a tort claim for which Arizona supplies the rules of decision may be awarded reasonable attorney fees. The Statute does not apply to all tort claims for which Arizona supplies the rules of decision – only those closely related to a contract governed by Arizona law that incorporates the Statute.

York law to govern the Agreement and an Arizona court would respect that choice, a federal court has no power substantively to alter the parties' agreement by awarding fees under the Statute for Agreement-related tort claims. *Cardon*, 841 P.2d, at 203-04 (Arizona follows Restatement § 187(1) which honors the parties' choice-of-law provision on any issue which they could have resolved by an express provision to that effect). As noted above, New York law allows contracting parties to adopt fee shifting by an express provision in their contract, but the Agreement contains no provision allowing shifting of the fees that are the subject of the Fees Motion.

### VI. *Atkins* Does Not Survive *American Power.*

In support of expanding the Statute's reach to tort claims not closely related to a contract governed by Arizona law that thereby incorporates the Statute, the Court cites only one case, *Atkins v. Calypso Systems, Inc.*, 2017 WL 1019661 (D.Ariz. Mar. 16, 2017). Doc. 288, at 6 n.4. Atkins involved a "conversion agreement" governed by California law and several tort claims arising out of that contract. Judge Wake concluded that the Court's inherent power justified awarding fees against Atkins because he had "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Given the California choice-of-law provision, Judge Wake rested his award of attorney's fees incurred on the breach-of-contact claims solely on the Court's inherent power. *Id.*, at *2.

As to the fees relating to the tort claims Judge Wake acknowledged that "the above analysis regarding the Court's inherent power to assess fees" also applies to fees on the tort claims. *Id.*, at *3. So the discussion of the Statute that followed was not necessary to the decision; it is *dicta*. Having asked the parties to brief the applicability of the Statute to Atkins' related tort claims (*id.*, *2), Judge Wake wrote that "To the extent Atkins's tort claims 'aris[e] out of a contract,' Calypso may therefore be entitled to attorneys' fees for work defending these claims." *Id.*, *3 (emphasis added). He did not examine whether the Statute's "contract" had to be governed by Arizona law; he only analyzed whether the tort claims arose out of the contract governed by California law. But two months later, on May 11, 2017, the Supreme Court decided *American Power*.

Judge Wake's conclusion that Calypso "may" be entitled to fees under the Statute for tort claims closely related to a contract governed by California law cannot be squared with *American Power*.[5]

### VII. *American Power* Cannot be Distinguished.

Steinway may argue *American Power* is "distinguishable" because its choice-of-law provision was described as "broad," 396 P.3d, at 602, ¶ 3, whereas Steinway claims our choice-of-law provision is "narrow."[6] That distinction does not hold.[7] But even if it did, the *American Power* provision chose Arizona law, thereby incorporating the Statute;

---

[5] The other cases the Court cites do not address tort claims. Doc. 288, at 8:18 to 9:1. *ZB, N.A. v. Hoeller*, 395 P.3d 704, 709 (Ariz.Ct.App. 2017) (deficiency action on promissory note after trustee sale of the real estate collateral; moreover, no conflict existed on breach-of-contract claim attorney's fees issue because the chosen state, Utah, also had a statute that permitted an award of fees: UCA § 78B-5-826); *Ciena Capital Funding, LLC v. Kreigs, Inc.*, 394 P.2d 39, 43-44 (App. 2017) (deficiency action on promissory note after trustee sale of real estate collateral; contract allowed lender to choose either Arizona law or New York law at time of enforcement). *Ciena* was decided on April 7, 2017, and *ZB* was decided on April 25, 2017. *American Power*, decided on May 11, 2017, requires for fee eligibility that the contract be governed by Arizona law thereby incorporating the Statute.

[6] *E.g.*, Transcript 5/14/21, Doc. 287, at 11:2-20.

[7] The Supreme Court also used two other adjectives to describe the *American Power* choice-of-law provision: "unqualified" and "not limited." *Id.*, at 604-05, ¶¶ 16-17. The *American Power* provision is no "broader" than the Steinway provision. The Steinway provision states: "This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict-of-laws principles." [Doc. 198-17, Art. XX.]. The *American Power* provision states: "The MVA is made with reference to and under the laws of the State of Arizona which shall be deemed to govern the validity and interpretation of the MVA and the rights and remedies of the parties hereunder." 396 P.3d, at 602, ¶ 8. The difference in language is insignificant. The Agreement's choice-of-law provision is just as "unqualified" and as "not limited" as the one in *American Power*. All choice-of-law provisions, whether they expressly exclude conflict-of-laws principles or not, are construed as covering only local or substantive state law not conflict-of-laws principles. Restatement (Second) Conflict of Laws § 187(3) ("In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.")

while the Steinway provision chose New York law, thereby failing to incorporate the Statute.

### VIII.   Conclusion.

*American Power* holds that a contract becomes fee eligible by being governed by Arizona law and thereby incorporating the Statute into the contract.  Where a contract is governed by Arizona law and therefore incorporates the Statute, fees can be awarded not only on claims for breach but also on closely related tort claims.  But where a contract fails to choose Arizona law and thereby incorporate the Statute, there is no fee eligibility – not for breach claims and not for closely related tort claims.  The Ruling that tort claims can be fee eligible though unconnected to a contract that incorporates the Statute by being governed by Arizona law is contrary to *American Power*.  It contravenes the context of the Statute and to its effect or consequence.  It creates an absurd result.  And it fails to honor in this diversity action the Arizona Supreme Court's clear statements as to the "substance of Arizona law."  The Motion for Reconsideration should be granted; and the Fees Motion should be denied.

RESPECTFULLY SUBMITTED, this 6th day of June 2021.

**MORRILL LAW, P.L.C.**

By *s/K. Layne Morrill*
K. Layne Morrill #004591
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Bruce E. Samuels          bsamuels@pswfirm.com

    Heather Stanton           hstanton@lrrc.com

*/s/ K. Layne Morrill*
K. Layne Morrill
Morrill Law PLC