**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H Rindlisbacher, et al., | No. CV-18-01131-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Steinway & Sons Incorporated, et al., | |
| Defendants. | |

    Plaintiffs Kevin and Jami Rindlisbacher (the "Rindlisbachers") and their company Piano Showroom of Arizona, Inc. have filed, and this Court has reviewed, four motions: (1) Motion for Reconsideration of Order on Attorneys' Fees (Doc. 289); (2) Motion for Expedited Review of Motion for Reconsideration of Order on Attorneys' Fees (Doc. 290); (3) Motion to Extend Time for Appeal of Order on Motion for Attorneys' Fees (Doc. 291); and (4) Motion for Expedited Review of Motion to Extend Appeal Time (Doc. 292). For the reasons stated in this Order, the pending motions will be denied.

I.

    Assuming familiarity with the facts of this case, which this Court set forth in detail in prior Orders (Docs. 252, 288), the Court provides only a brief background. On May 26, 2021, the Court issued an order (the "Order"), granting Defendant Steinway, Inc.'s Motion for Attorneys' Fees (Doc. 255), in part, and awarding $829,330.00 in reasonable attorneys' fees to Steinway pursuant to A.R.S. § 12-341.01. (Doc. 288.) The Rindlisbachers now urge the Court to reconsider the Order, arguing "the Court misapprehended the reach of A.R.S.

§ 12-341.01 as applied by the Arizona Supreme Court." (Doc. 289 at 1.)

II.

Motions for reconsideration should be granted only in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g)(1). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Nor may a motion for reconsideration repeat any oral or written argument previously made in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

III.

The grounds for the Rindlisbachers' Motion for Reconsideration are fivefold. They first argue the Order is contrary to *American Power Products, Inc. v. CSK Auto, Inc.*, 242 Ariz. 364 (2017). (Doc. 289 at 2–5.) Specifically, the Rindlisbachers contend "*American Power* holds that a contract becomes fee eligible by being governed by Arizona law . . . ." (Doc. 289 at 10.) The Court disagrees. In *American Power Products*, the Arizona Supreme Court "address[ed] the interplay between [§ 12-341.01(A)] and a contractual fee award provision when one party rejected the other's written settlement offer and later obtained what appear[ed] to be a less favorable judgment." 242 Ariz. at 365. The contractual fee award provision entitled the "prevailing party . . . to recover from the other party its reasonable attorneys' fees." *Id.* at 367. The contract did not define "prevailing party." *Id.* But the contract did include an Arizona choice-of-law provision. *Id.* at 366. Thus, the issue before the court was whether the second sentence of § 12-341.01(A) supplied the definition

of "prevailing party," as used in the contract's attorney fee provision.* *Id.* at 367. The Arizona Supreme Court "h[e]ld that the statute applie[d] for the purpose of determining the successful party." *Am. Power Prods., Inc.*, 242 Ariz. at 365–66. The court wrote:

> Because the [contract] did not define 'prevailing party' and expressly provided that Arizona law shall apply and govern 'the rights and remedies of the parties,' and because the second sentence of § 12-341.01(A) does not directly conflict with the [contract's] attorney fee provision, that statutory provision 'is incorporated by operation of law' into the [contract] for the limited purpose of defining 'successful party' under the circumstances presented here.

*Id.* at 368. The Arizona Supreme Court did not address whether the term "contract"—as used in § 12-341.01(A)—is narrowly defined to mean only "contracts governed by Arizona law." The Rindlisbachers therefore overread the holding of *American Power Products* and have failed to demonstrate that the Court committed manifest error.

Moreover, the Rindlisbachers admit that *American Power Products* formed the basis of their argument in opposition to Steinway's Motion for Attorneys' Fees. (Doc. 289 at 5 n.3.) The Court, in the at-issue Order, considered and rejected the Rindlisbachers' argument. (Doc. 288 at 8–10); *see United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through . . . .'" (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))); LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."). The Rindlisbachers have presented no new evidence on the issue. *See Sch. Dist. No. 1J,*

---

* That sentence provides:
> If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.

A.R.S. § 12-341.01(A).

*Multnomah Cnty*, 5 F.3d at 1263. Nor have the Rindlisbachers alleged that there has been a change in controlling law. *Id.* Thus, reconsideration is not appropriate on this ground.

Similarly, the Rindlisbachers' second argument—that the Order "is contrary to [§ 12-341.01(A)'s] context"—does not provide a basis for reconsideration. (Doc. 289 at 6.) Again, the Rindlisbachers have presented no new evidence on the issue. *See Sch. Dist. No. 1J, Multnomah Cnty*, 5 F.3d at 1263. Nor have they alleged that there has been a change in controlling law. *Id.* Instead, the Rindlisbachers argue that, because "[t]he Arizona Legislature adopted [§ 12-341.01(A)]," the statute should be narrowly construed to apply only to contracts governed by Arizona law. (Doc. 289 at 5–6.) The Rindlisbachers did not raise this argument in opposition to Steinway's Motion for Attorneys' Fees. (*See* Doc. 269); *Kona Enters., Inc.*, 229 F.3d at 890 ("[A motion for reconsideration] may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Nor have the Rindlisbachers shown that the Court committed manifest error in concluding § 12-341.01 is applicable to contracts governed by non-Arizona law. The Arizona Court of Appeals has applied § 12-341.01 to award attorneys' fees in an action arising out of a contract governed by Utah law. *See ZB, N.A. v. Hoeller*, 242 Ariz. 315, 317, 320 (App. 2017). Having considered *American Power Products* when resolving Steinway's Motion of Attorneys' Fees and again, here, the Court disagrees with the Rindlisbachers' position that *American Power Products* limits the scope of § 12-821.01 only to actions arising out of contracts governed by Arizona law. The Rindlisbachers' second argument therefore provides no basis for reconsideration.

Third, the Rindlisbachers argue the Order "creates an absurd result." (Doc. 289 at 6, 10.) The crux of this argument is that § 12-341.01(A) does not apply to the Rindlisbachers' tort claims. (*Id.* at 6–7.) The Rindlisbachers did not raise this argument when opposing Steinway's Motion for Attorneys' Fees, nor did they not challenge Steinway's position that their claims arise out of contract for purposes of § 12-341.01. (*See* Doc. 269.) Instead, they agreed with Steinway that § 12-341.01 is a broad statute. (Doc. 287 at 27.) "[A] motion for reconsideration 'is not another opportunity for the losing party to make its strongest case,

reassert arguments, or revamp previously unmeritorious arguments,' nor is a motion for reconsideration meant to give a party a 'second bite at the apple.'" *Blomdahl v. Jaffe*, No. CV19-00227, 2020 WL 6802477, at *2 (D. Ariz. Nov. 19, 2020) (quoting *Jackson v. Woodford*, No. 05CV0513, 2008 WL 2115121, at *1 (S.D. Cal. May 19, 2008)). The Rindlisbachers have not shown that the Court committed manifest error in concluding that their tort claims "arise out of contract" for purposes of § 12-341.01(A). *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. They have presented no new evidence on the issue. *Id.* Nor have the Rindlisbachers alleged that there has been a change in controlling law. *Id.* Thus, the Rindlisbachers' third argument is not an appropriate basis for reconsideration.

Fourth, the Rindlisbachers argue the Order "fails to honor in this diversity action the Arizona Supreme Court's clear statements as to the 'substance of Arizona law.'" (Doc. 289 at 7–8, 10.) For the reasons already expressed in this Order, the Rindlisbachers have not demonstrated that the Court committed manifest error when applying Arizona law. Their fourth argument therefore does not form a basis for reconsideration.

Last, the Rindlisbachers take issue with the Court's citation to *Atkins v. Calypso Systems, Inc.*, No. CV-14-02706, 2017 WL 1019661 (D. Ariz. Mar. 16, 2017). (Doc. 289 at 8–9.) Specifically, they argue *Atkins* does not "[s]urvive *American Power*." (*Id.* at 8.) The Rindlisbachers' argument is premised on their mistaken belief that *American Power Products* held that § 12-341.01 only applies to contracts governed by Arizona law. Thus, for reasons already articulated, the Rindlisbachers' fifth argument is not proper grounds for reconsideration.

In sum, the Rindlisbachers have not presented a basis for the Court to reconsider the Order. They have not identified any newly discovered evidence, demonstrated that the Court committed any clear error, or alleged that there has been any change in controlling law. Nor does the Court find its initial decision to be manifestly unjust. Accordingly, the Court will deny the Motion for Reconsideration of Order on Attorneys' Fees (Doc. 289).

The Court will also deny the remaining motions (Docs. 290, 291, 292). The Motion for Expedited Review of Motion for Reconsideration of Order on Attorneys' Fees is

premised on the Court "proceed[ing] with briefing." (Doc. 290 at 1.) Because the Court will deny the Reconsideration Motion, briefing is unnecessary. *See* LRCiv 7.2(g)(2). In the Motion to Extend Time for Appeal of Order on Motion for Attorneys' Fees, the Rindlisbachers ask the Court to extend their deadline to appeal the at-issue Order. (Doc. 291 at 2.) They contend good cause supports their request because the "time [] until the June 25, 2021 deadline for appealing [the Court's May 26, 2021 Order] may not provide the Court sufficient time to address the Reconsideration Motion." (*Id.*) The Court resolves the Motion for Reconsideration and does so well before the appeal deadline expires. Thus, the Rindlisbachers have not demonstrated that there is good cause to grant the motion. Last, the Rindlisbachers ask the Court to impose an expedited briefing schedule on their Motion to Extend Time for Appeal. (Doc. 292.) Because the Court will deny the Motion to Extend Time for Appeal, the corresponding Motion to Expedite (Doc. 292) is moot.

IV.

Accordingly,

**IT IS ORDERED denying** Plaintiffs' Motion for Reconsideration of Order on Attorneys' Fees (Doc. 289).

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion for Expedited Review of Motion for Reconsideration of Order on Attorneys' Fees (Doc. 290) as moot.

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion to Extend Time for Appeal of Order on Motion for Attorneys' Fees (Doc. 291).

**IT IS FINALLY ORDERED denying** Plaintiffs' Motion for Expedited Review of Motion to Extend Appeal Time (Doc. 292) as moot.

Dated this 8th day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge