**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin H Rindlisbacher, et al., | No. CV-18-01131-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Steinway & Sons Incorporated, et al., | |
| Defendants. | |

Plaintiffs Kevin and Jami Rindlisbacher (the "Rindlisbachers") and their company Piano Showroom of Arizona, Inc. have filed a Motion for Determination of Bond Amount and Type under Rule 62(b) (the "Motion") (Doc. 294) and have asked the Court to expedite consideration thereof (Doc. 295). The Court will grant the Rindlisbachers' request for expedited review (Doc. 295) and resolves the Motion as follows.

In the Motion, the Rindlisbachers ask the Court to allow them to post a $6,000 cash bond to invoke "the stay provided [in Rule 62(b) of the Federal Rules of Civil Procedure] relating to the judgment entered May 26, 2021." (Doc. 294 at 1.) Generally, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry." Fed. R. Civ. P. 62(a). After judgment is entered, "a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The Federal Rules of Civil Procedure do not require the Court to enter a separate judgment for an award of attorneys' fees. *See* Fed. R. Civ. P. 58(a)(3); *see also S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014) ("[A] separate document is not required for an order disposing of a motion

for attorney's fees under Federal Rule of Civil Procedure 54." (internal quotation marks and alterations omitted)). And the Court did not do so when granting, in part, Defendant Steinway Inc.'s Motion for Attorneys' Fees. (*See* Doc. 288.) The Rindlisbachers assume that Rule 62(a) is triggered by the Court's award of attorneys' fees. (Doc. 295.) The Court expresses no opinion on whether that assumption is correct or whether a bond is needed to stay Steinway's collection efforts.

If the Rindlisbachers conclude a bond is necessary, they shall provide security in the full amount of the attorneys' fees ordered by the Court. The Rindlisbachers, relying on A.R.S. § 12-2108(A), ask the Court to allow them to post a cash bond of $6,000 in lieu of the full amount of the fee award. (Doc. 294 at 2.) The Court cannot apply Arizona law under *Hanna v. Plumer*, 380 U.S. 460 (1965). "When a situation is covered by one of the Federal Rules [of Civil Procedure] . . . the court has been instructed to apply the Federal Rule," even if it "is in direct collision with the law of the relevant State." *Hanna*, 380 U.S. at 471–72. Rule 62(b) "is a purely procedural mechanism . . . and creates no choice of law concerns." *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000); *Denver Glob. Prods., Inc. v. Leon*, No. 5:17-CV-00102, 2019 WL 2057277, at *2 (W.D.N.C. May 9, 2019) (noting that, in 2018, Rule 62 was "reworded" such that the "old Rule 62(d)" has been replaced by the "new Rule 62(b)" and stating that "[u]nder either formulation . . . the underlying purpose remains the same: to preserve the status quo while protecting the non appealing party's rights pending appeal"). The question of how much security the Rindlisbachers must provide, if they determine such security is necessary, is "covered by" Rule 62(b), and thus the Court cannot apply Arizona law to modify Rule 62's demands.* *See Hanna*, 380 U.S. at 471.

"[T]he purpose of security under Rule 62(b) is to preserve the status quo pending

---

* The Rindlisbachers' argument that "[g]iven that this Court has chosen to apply section 12-341.01 in this diversity action it should also apply section 12-2108" is not well taken. (Doc. 294 at 8.) The question presently before the Court is whether the "situation is covered by one of the Federal Rules [of Civil Procedure]." *See Hanna*, 380 U.S. at 471. The Court faced an entirely different conflict of law question—whether Arizona or New York law governed—when resolving the Motion for Attorneys' Fees. (*See* Doc. 288.) Accordingly, the Rindlisbachers' syllogism is flawed.

[appeal]." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV04-2147, 2008 WL 410625, at *2 (D. Ariz. Feb. 13, 2008). Accordingly, district courts "typically require security in the full amount of the judgment." *Id.*; *see Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119, 2015 WL 6956091, at *2 (D. Ariz. Nov. 10, 2015) (setting bond at full amount of judgment plus interest); *Bemo USA Corp. v. Jake's Crane, Rigging & Transp. Int'l Inc.*, No. 2:08-CV-754, 2010 WL 4604496, at *1–2 (D. Nev. Nov. 5, 2010) (denying a party's request that it be allowed to post a $1,000,000 bond in lieu of the full judgment amount of almost $3,000,000 because the bond "d[id] not serve as adequate substitute security" or "fulfill the purpose of [Rule 62]"). Here, the proposed $6,000 bond, which is less than one percent of the fees awarded to Steinway, does not serve as adequate security. *See Bemo USA Corp.*, 2010 WL 4604496 at *2. Nor does the proposed bond fulfill Rule 62(b)'s purpose in preserving the status quo. *Id.* Accordingly, the Court rejects the Rindlisbachers' proposal. If the Rindlisbachers conclude a bond is necessary, they shall provide security in the full amount of the attorneys' fees ordered by the Court.

For the foregoing reasons,

**IT IS ORDERED granting** Plaintiffs' Motion for Expedited Review (Doc. 295).

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion for Determination of Bond Amount and Type under Rule 62(b) (Doc. 294). If Plaintiffs determine a bond is needed to stay Defendant's collection efforts, they shall provide security in the full amount of the attorneys' fees ordered by the Court.

Dated this 11th day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge