FILED

APR 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN H. RINDLISBACHER, husband; JAMI L. RINDLISBACHER, wife; PIANO SHOWROOM OF ARIZONA, INC., an Arizona corporation,

            Plaintiffs-Appellants,

 v.

STEINWAY, INC., DBA Steinway & Sons, a Delaware corporation,

            Defendant-Appellee.

Nos. 20-17331, 21-16085

D.C. No. 2:18-cv-01131-MTL
District of Arizona,
Phoenix

ORDER

Before: Lisa B. Fitzgerald, Appellate Commissioner.

I. Introduction

Under Arizona Revised Statutes § 12-341.01(A), appellee Steinway, Inc. requests an award of $111,300 for $110,580.50 in attorneys' fees and $722 in costs billed by Lewis Roca Rothgerber Christie LLP and Papetti Samuels Weiss LLP:

| Timekeeper | Title | Hours | Rate | Fees |
|---|---|---|---|---|
| Bruce Samuels | Partner | 137.3 | $450 | $ 61,785.00 |
| Lawrence Kasten | Partner | 27.4 | $450 | $ 12,330.00 |
| Heather Stanton | Associate | 124.1 | $275 | $ 34,127.50 |
| Jennifer Lee-Cota | Associate | 2.3 | $275 | $ 632.50 |
| Elise Phalen | Associate | 2.9 | $225 | $ 652.50 |
| Pamela Ramsey | Paralegal | 1.0 | $195 | $ 195.00 |
| Jeff Siatta | Paralegal | 5.2 | $165 | $ 858.00 |
| Totals | | 300.2 | | $110,580.50 |

II. Discussion

Appellants Kevin and Jami Rindlisbacher and Piano Showroom of Arizona, Inc. (collectively, "Rindlisbacher") do not object to the requested rates. The rates were discounted from the firms' usual billing rates. Also, the $450 partner rate, $275 associate rate, and $195 paralegal rate were awarded in the district court. The requested rates are reasonable, and they are awarded. *See Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983).

Rindlisbacher argues the requested hours should be reduced. On Ninth Circuit Form 9, Steinway reports the hours were spent in these categories:

| Services | BS | LK | HS | JL | EP | PR | JS | Totals |
|---|---|---|---|---|---|---|---|---|
| Conferences | 2.3 | 1.0 | 0 | 0 | 0 | 0 | 0 | 3.3 |
| Records | 0.6 | 0 | 0 | 0 | 0 | 0.6 | 0 | 1.2 |
| Research | 4.0 | 0 | 6.8 | 2.3 | 2.9 | 0 | 0 | 16.0 |
| Briefs | 80.4 | 23.6 | 113.6 | 0 | 0 | 0.4 | 5.2 | 223.2 |
| Argument | 50.0 | 2.8 | 3.7 | 0 | 0 | 0 | 0 | 56.5 |
| Totals | 137.3 | 27.4 | 124.1 | 2.3 | 2.9 | 1.0 | 5.2 | 300.2 |

Rindlisbacher objects that 164.7 total hours for partners Samuels and Kasten are excessive, arguing that associates should have done more of the work on the answering brief in the fee appeal, the fee motion, and oral argument preparation. This argument is not persuasive or supported with legal authority. Rather than speculate about how a case could have been staffed, courts limit the inquiry to whether the fees requested by a particular legal team are justified. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1114-15 & n.2 (9th Cir. 2008).

Moreover, the division of effort among partners and associates was efficient. Steinway states that work was delegated to associates when appropriate, and that some tasks were non-delegable. Kasten provided court-specific appellate advice, and reviewed pleadings drafted by Stanton and Samuels. Samuels drafted the fee motion, because the deadline did not permit circulation of drafts between associate and partner, and many of the tasks were more efficiently performed by a partner.

Steinway previously excluded 14.2 hours billed for oral argument preparation. Contrary to Rindlisbacher's contention, the resulting 50 hours were reasonably expended on the argument work, including a case review and a moot court. *See Schweiger*, 673 P.2d at 932.

Steinway's attorneys and paralegals reasonably spent the requested hours in defending against the appeals and requesting fees, and the hours are awarded. *See id.* They prepared an answering brief in the merits appeal, a response to Rindlisbacher's motion to consolidate the appeals, an answering brief in the fee appeal, supplemental excerpts of record, an acknowledgement of hearing notice, a bill of costs, a fee motion, and a motion to transfer fees, and presented oral argument by video.

Rindlisbacher does not oppose Steinway's request for $722 in computerized legal research costs, and the costs are awarded. *See Ahwatukee Custom Estates*

*Mgmt. Ass'n v. Bach*, 973 P.2d 106, 108-09 (Ariz. 1999) (computerized legal research costs may be included in fee award).

## III. Conclusion

Under Arizona Revised Statutes § 12-341.01(A), attorneys' fees and costs in the amount of $111,300 are awarded in favor of Steinway, Inc. and against Kevin and Jami Rindlisbacher and Piano Showroom of Arizona, Inc. *See* 9th Cir. R. 39-1.9. This order amends the court's mandate.